UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
INDIANAPOLIS DIVISION

| | |
|---|---|
| JARED M. WIGGINS ) | |
| ) | |
| v. ) | Case No. 1:18-cv-3492 |
| ) | |
| UNITED STATES OF AMERICA ) | |

PLAINTIFF'S BRIEF IN RESPONSE TO
GOVERNMENT'S MOTION TO DISMISS

On April 2, 2019, the Government filed its Motion to Dismiss and Brief in Support of Motion to Dismiss. It is the Government's contention that Mr. Wiggins has failed to present a ripe controversy and that 34 U.S.C. 20915(b) does not provide a cause of action. Mr. Wiggins respectfully contends that his requested relief is ripe for adjudication in that he is required by law enforcement to register as a sex offender in the county in which he resides and is employed. Mr. Wiggins believes that his eligibility for an early release from the registration requirements as set forth in 34 U.S.C. 20915(b) establishes both a live dispute and a federal question.

34 U.S.C. 20915(a) provides:

"A sex offender shall keep the registration current for the full registration period (excluding any time the sex offender is in custody or civilly committed) unless the offender is allowed a reduction under subsection (b). The full registration period is-
    (1) 15 years, if the offender is a tier I sex offender;
    (2) 25 years, if the offender is a tier II sex offender; and
    (3) the life of the offender, if the offender is a tier III sex offender."

Mr. Wiggins asserts that he is a tier 1 sex offender and, accordingly, is required by the law enforcement officials in Delaware County, Indiana to register for fifteen

years.

34 U.S.C. 20915(b) provides that a tier 1 sex offender who maintains a clean record for a ten year period and complies with all of the other requirements "shall" have his registration period reduced by five years. In the event this Court determines that Mr. Wiggins is in compliance with Section 20915(b), Mr. Wiggins' registration requirement will be reduced by five years and he will no longer be required to register. However, as it currently stands, Mr. Wiggins is required to register as a sex offender until year 2022. Mr. Wiggins believes that he has satisfied all of the statutory requirements for such relief to be granted.

Contrary to the assertions raised by the Government, Mr. Wiggins believes that his request is ripe even though he is not currently facing any charges or allegations for failing to register. Mr. Wiggins asserts that his claim became ripe for a judicial resolution once he asserted that he met all of the requirements of 34 U.S.C. 16915(b). Moreover, Section 20915(b) appears to provide a cause of action and relief for a sex offender who meets all of the statute's requirements.

For the reasons set forth above, Mr. Wiggins respectfully requests that the Court deny the Government's Motion to Dismiss.

    Respectfully submitted,

    /s/ Jeffrey P. Terrill
    Jeffrey P. Terrill   #20397-02
    ARNOLD TERRILL, P.C.
    127 W. Berry Street
    Suite 700, Star Financial Bank Bldg.
    Fort Wayne, Indiana  46802
    Telephone:  (260) 420-7777
    Fax: (260) 422-5308
    COUNSEL FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of April, 2019, I electronically filed the foregoing with the Clerk of the Court for the United District Court for the Northern District of Indiana by using the CM/ECF system.

I further certify that a copy of the above and foregoing was served upon the United States District Attorney's Office on the 23rd day of April, 2019.

<u>/s/ Jeffrey P. Terrill</u><br>
Jeffrey P. Terrill