# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JARED M. WIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-03492-TWP-DLP |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant the United States of America's (the "Government") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) ([Filing No. 7](#)). Plaintiff Jared M. Wiggins ("Wiggins") initiated this civil action by filing a Petition to Reduce Period of Sex Offender Registration for Clean Record Under 34 U.S.C. 20915(b). ([Filing No. 1](#).) The Government seeks dismissal arguing this Court lacks subject matter jurisdiction. For the following reasons, the Court **grants** the Government's Motion to Dismiss.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Wiggins as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Wiggins resides and works in Delaware County, Indiana. He was convicted on April 4, 2006, of violating Article 92 of the Uniform Code of Military Justice ("UCMJ") for knowingly and wrongfully possessing and transferring pornographic matter and for violating UCMJ Article 134 for wrongfully and knowingly possessing one or more visual depictions involving the use of

a minor engaging in sexually explicit conduct, in *United States v. Jared M. Wiggins*, Case Number 0092-2005-CID847-15196-6D4D in the United States Army, Fifth Judicial Circuit. Because of these convictions, Wiggins is required under both federal and state law to register as a sex offender ([Filing No. 9 at 1](#)).

As a resident of Indiana, Wiggins is deemed a sex offender pursuant to Indiana Code § 11-8-8-4.5. Under Indiana Code § 11-8-8-7, he is required, as a sex offender residing in Indiana, to register as a sex offender. If Wiggins fails to register, he could be prosecuted under Indiana Code § 11-8-8-17, a Level 6 felony for the offense of failure to register as a sex offender. ([Filing No. 9 at 2](#).)

Since his April 4, 2006 conviction, Wiggins has not been convicted of any offense for which imprisonment of more than one year may be imposed and he has not been convicted of any other sex offense. Additionally, Wiggins has completed all terms of his sentence and on March 12, 2007, successfully completed the Sex Offenders Education Program at the Regional Corrections Facility at Fort Louis, Washington. Wiggins is employed and lives a law-abiding and productive life. *Id.*

On November 9, 2018, Wiggins filed the instant "Petition to Reduce Period of Sex Offender Registration for Clean Record Under 34 U.S.C. 20915(b)," asking this Court to reduce his sex offender registration period ([Filing No. 1](#)). Title 34 U.S.C. § 20915(b) provides that a tier 1 sex offender who maintains a clean record for a ten year period and complies with all of the other requirements "shall" have his registration period reduced by five years. (Filing No. 10 at 1-2). Wiggins asserts that he is a tier 1 sex offender, required by the law enforcement officials in Delaware County, Indiana to register for fifteen years. Because he is in compliance with Section

20915(b), Wiggins believes his registration should be reduced by five years and he will no longer be required to register as a sex offender. *Id.*

On April 2, 2019, the Government filed the instant Motion seeking dismissal of Wiggins Complaint, based on a lack of subject matter jurisdiction because of ripeness issues and because there is no private right of action under Section 20915(b) (Filing No. 7). Thereafter, Wiggins filed an Amended Petition to assert allegations that he was required to register as a sex offender and his failure to do so could result in felony prosecution (Filing No. 9). After Wiggins filed his Amended Petition, the parties completed briefing the Motion.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

### III. DISCUSSION

The Government argues that dismissal is appropriate for two reasons. First, Wiggins has not presented a claim that is ripe, and second, there is no private right of action created by 34 U.S.C. § 20915(b), the statute upon which Wiggins bases his claim.

A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citation and quotation marks omitted). In support of their lack of ripeness argument, the Government asserts that Wiggins' Petition does not arise from any concrete dispute because there is no allegation that he is charged with or threatened to be charged with failing to register as an offender under the Sex Offender Registration and Notification Act ("SORNA") or any other federal or state law. There is no allegation that Wiggins will likely face any hardship without judicial intervention, therefore, there is no controversy for the Court to adjudicate.

The Government notes that Wiggins did not allege that he has ever been subject to the jurisdiction of this Court, and he did not allege that he has been subject to any criminal prosecution, investigation, or other proceeding based on a failure to register as a sex offender. Relying on *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008), the Government asserts that, "when it implicates the possibility of this Court issuing an advisory opinion," a claim of unripeness "is a question of subject matter jurisdiction." In its view, Wiggins is simply asking the Court for a declaration pursuant to Section 20915(b),[1] absolving him of his sex offender registration requirement, but this would be an advisory opinion on an unripe issue.

---

[1] 34 U.S.C. § 20915(b) is part of SORNA.

4

Regarding their second argument, the Government contends, like the issue of unripeness, "a federal cause of action" is a "general prerequisite" to subject matter jurisdiction in federal court. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 278 (7th Cir. 2009). "[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough." *Id.* at 281. Accordingly, Wiggins' Petition should be dismissed because Section 20915(b) does not provide a cause of action.

"An express federal cause of action states, in so many words, that the law permits a claimant to bring a claim in federal court." *Id.* at 283. Section 20915(b) does not contain any language expressly permitting a claimant to bring a claim in federal court. The statute says only that the "registration period shall be reduced" but not that a registrant may file a petition or complaint seeking a court order to reduce it. 34 U.S.C. § 20915(b)(1). Thus, the Government asserts, the statute does not create an express cause of action in federal court. Further, the statute does not create an implied cause of action because the language of the statute does not suggest any intention of Congress to create a private remedy for registrants.

The Government suggests that the appropriate venue for Wiggins to seek his relief is in state court because sex offender registration requirements are determined and overseen by state officials. He alternatively could bring a civil action against a government authority if such authority were to improperly order him to register. He could "lodge a pre-enforcement civil action challenging SORNA's application to him, assuming he can demonstrate some 'credible threat of prosecution' if he fails to comply with the law (though again, he has not alleged as much in his Petition)." (Filing No. 8 at 8.) "[I]f federal or state authorities did prosecute Mr. Wiggins for an alleged failure to register, he could raise Section 20915(b) as a defense to that charge." *Id.*

The Government points to the cases of *United States v. Studeny*, 2019 U.S. Dist. LEXIS 28536 (W.D. Wash. Feb. 22, 2019) and *United States v. McGrath*, 2017 U.S. Dist. LEXIS 208390 (M.D. La. Dec. 12, 2017) to support its argument that the Court should dismiss this case because of a lack of jurisdiction. In each of those cases, the court concluded that SORNA does not provide jurisdiction to federal courts to reduce the registration requirement of sex offenders. The Government "respectfully requests that the Court dismiss [Wiggins'] Petition for lack of jurisdiction and allow him to pursue the relief he is seeking in an appropriate forum." ([Filing No. 8 at 3](#).)

Responding to the Motion to Dismiss, Wiggins asserts,

> Mr. Wiggins respectfully contends that his requested relief is ripe for adjudication in that he is required by law enforcement to register as a sex offender in the county in which he resides and is employed. Mr. Wiggins believes that his eligibility for an early release from the registration requirements as set forth in 34 U.S.C. 20915(b) establishes both a live dispute and a federal question.

([Filing No. 10 at 1](#).) Wiggins argues that he has satisfied the statutory requirements for a reduction to the registration requirements under SORNA. He believes that his request is ripe even though he is not currently facing any charges or allegations for failing to register, and his claim "became ripe for a judicial resolution once he asserted that he met all of the requirements of 34 U.S.C. [20]915(b)." *Id.* at 2. Moreover, "Section 20915(b) appears to provide a cause of action and relief for a sex offender who meets all of the statute's requirements." *Id*.

In its Reply Brief, the Government points out that Wiggins provided no legal authority for his perfunctory argument, and his simple disagreement and conclusory statements that his claim is ripe and there appears to be a federal cause of action are not enough to survive dismissal. Wiggins' claim is not ripe, "and indeed [he] has conceded that 'he is not currently facing any

6

charges or allegations for failing to register' as a sex offender. ECF No. 10 at 2." ([Filing No. 11 at 1](#).)

Although Wiggins filed an "Amended Petition" after the Motion to Dismiss was filed, the same deficiencies exist in the Amended Petition, the Court considers the Motion to Dismiss directed at the Amended Petition. *See Effect of an Amended Pleading*, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2019) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."). Upon review of the parties' arguments, the pleadings, and the statute at issue, the Court is persuaded that this case must be dismissed because there is no private right of action under SORNA, and there is no ripe claim presented in Wiggins' Petition or Amended Petition.

Wiggins does not allege that he has been subject to any criminal prosecution, investigation, or other proceeding based on a failure to register as a sex offender. There is no allegation that he is charged with or threatened to be charged with failing to register as an offender under SORNA or any other federal or state law. Wiggins acknowledges that "he is not currently facing any charges or allegations for failing to register." Therefore, he has failed to present a claim that is ripe for adjudication by this Court.

Concerning the issue of the lack of a private cause of action, the United States Supreme Court has explained,

> *[J]urisdiction* is a question of whether a federal court has the power, under the Constitution or laws of the United States, to hear a case . . . ; *cause of action* is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court.

*Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979) (emphasis in original). "Whether [a plaintiff] has asserted a cause of action, however, depends not on the quality or extent of her injury, but on

whether the class of litigants of which [plaintiff] is a member may use the courts to enforce the right at issue." *Id.* The Seventh Circuit further explained,

> [W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough. As the Supreme Court has said: The threshold question clearly is whether the Act . . . creates a cause of action whereby a private party . . . can enforce duties and obligations imposed by the Act.

*Ward*, 563 F.3d at 281–82 (internal citations and quotation marks omitted).

The Court has been able to find only two other court decisions directly stating whether SORNA creates a private cause of action. In both decisions, the court declared that SORNA does not provide for a private right of action. *See Maben v. Terhune*, 2016 U.S. App. LEXIS 23904, at *9 (6th Cir. Aug. 19, 2016) ("Because SORNA does not provide a private cause of action, [plaintiff's] allegations concerning alleged violations of § 16901 failed to state a claim against the defendants."); *Maben v. Terhune*, 2015 U.S. Dist. LEXIS 34262, at *13–14 (E.D. Mich. Jan. 30, 2015) ("SORNA itself provides no private cause of action. Instead, the Act requires each jurisdiction to create a registry system and to provide a criminal penalty . . . for the failure of a sex offender to comply with the requirements.").

The Court agrees with the Sixth Circuit and the Eastern District of Michigan that SORNA does not create a private cause of action. The language of SORNA does not provide an express private cause of action. Furthermore, there is no indication in the statute that Congress had any intention of creating an implied private cause of action. Instead, SORNA requires jurisdictions (*i.e.*, states, territories, and the District of Columbia) to create a sex offender registry system and to provide a criminal penalty for the failure of sex offenders to comply with the registration requirements. Because SORNA does not provide a private cause of action, and because Wiggins has not presented a claim that is ripe, the Motion to Dismiss must be **granted**.

8

## I. CONCLUSION

For the reasons stated above, the Government's Motion to Dismiss is **GRANTED** (Filing No. 7). This action is dismissed for lack of subject matter jurisdiction. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 10/10/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey P. Terrill
ARNOLD TERRILL, P.C.
jterrill@fortwaynedefense.com

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov